☒ FILED    ☐ LODGED

# Feb 24 2023

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

JAJA Amiri Askari #284012
Name and Prisoner/Booking Number

S.M.U. l / A.S.P.C. -Eyman
Place of Confinement

P.O. Box 4000
Mailing Address

Florence, AZ. 85132
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

JAJA Amiri Askari
(Full Name of Plaintiff)

Plaintiff,

v.

(1) DAVID SHINN
(Full Name of Defendant)

(2) LORI STICKLEY

(3) WENDY ECCLES

(4) C. DANIELS

Defendant(s).

☑ Check if there are additional Defendants and attach page 1-A listing them.

CV-23-338-PHX-JJT-JFM

CASE NO. _____
(To be supplied by the Clerk)

## CIVIL RIGHTS COMPLAINT
## BY A PRISONER

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

✳ JURY TRIAL DEMANDED ✳

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: S.M.U. l AND RUNNING UNIT FLORENCE,AZ. 85132

550/555

DEFENDANTS

5.) RAMON SILVA

6.) BACKES

7.) DUANE G. RIKER

8.) JASON GONZALES

9.) GUTIERREZ

10.) GABRIELLE SCHNEIDER

11.) STACEY CRABTREE

12.) C. R. GWNN

13.) DAVID T. HUBAND

14.) CONDREY

15.) VICTORIA

16.) ANGEL MERRIMAN

17.) VASQUEZ

18.) ARREZU

1A

## B. DEFENDANTS

1. Name of first Defendant: DAVID SHINN . The first Defendant is employed as: DIRECTOR at ARIZONA DEPT. OF CORRECTIONS
   **(Position and Title)**                    **(Institution)**

2. Name of second Defendant: LORI STICKLEY . The second Defendant is employed as: as: DEPUTY WARDEN at S.M.U.1
   **(Position and Title)**                    **(Institution)**

3. Name of third Defendant: WENDY ECCLES . The third Defendant is employed as: DEPUTY WARDEN at RUNNING UNIT
   **(Position and Title)**                    **(Institution)**

4. Name of fourth Defendant: C. DANIELS . The fourth Defendant is employed as: ASSOCIATE DEPUTY WARDEN (FORMER) at RUNNING UNIT
   **(Position and Title)** (COIII)              **(Institution)**

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☐ Yes   ☑ No

2. If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

B. DEFENDANTS

5.) NAME OF DEFENDANT: Ramon SILVA. THE FIFTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER IV AT RYNNING UNIT.

6.) NAME OF DEFENDANT: BACKLES. THE SIXTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER III, GRIEVANCE COORDINATOR AT S.M.U.I.

7.) NAME OF DEFENDANT: DUANE G. RIKER. THE SEVENTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER III AT RYNNING UNIT.

8.) NAME OF DEFENDANT: JASON GONZALES. THE EIGHTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER III AT S.M.U.I.

9.) NAME OF DEFENDANT: GUTIERREZ. THE NINTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER III AT S.M.U.I.

10.) NAME OF DEFENDANT: GABRIELLE SCHNEIDER. THE TENTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER III AT S.M.U.I.

11.) NAME OF DEFENDANT: STACEY CRABTREE. THE ELEVENTH DEFENDANT IS EMPLOYED AS ADMINISTRATOR AT THE OFFENDER SERVICES BUREAU.

12.) NAME OF DEFENDANT: C.R. GLYNN. THE TWELFTH DEFENDANT IS EMPLOYED AS DIRECTOR DAVID SHINN'S DESIGNEE FOR GRIEVANCE APPEALS AT CENTRAL OFFICE, ARIZONA DEPARTMENT OF CORRECTIONS.

13.) NAME OF DEFENDANT: DAVID T. HUBAND. THE THIRTEENTH DEFENDANT IS EMPLOYED AS DIRECTOR DAVID SHINN'S DESIGNEE FOR GRIEVANCE APPEALS AT CENTRAL OFFICE, ARIZONA DEPARTMENT OF CORRECTIONS.

14.) NAME OF DEFENDANT: CONDREY. THE FOURTEENTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER III, DISCIPLINARY COORDINATOR, AT RYNNING UNIT.

15.) NAME OF DEFENDANT: VICTORIA. THE FIFTEENTH DEFENDANT IS EMPLOYED AS CORRECTIONAL OFFICER IV, GRIEVANCE COORDINATOR, AT RYNNING UNIT.

2A

→ CONTINUED 2A-1 →

16.) NAME OF DEFENDANT: VASQUEZ. THE SIXTEENTH DEFENDANT IS EMPLOYED AS SPECIAL SECURITY UNIT SERGEANT AT S.M.U.1

17.) NAME OF DEFENDANT: ARRIZU. THE SEVENTEENTH DEFENDANT IS EMPLOYED AS SPECIAL SECURITY UNIT OFFICER AT S.m.U.1.

2A-1

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: 14TH AMENDMENT EQUAL PROTECTION OF THE LAW

2. **Count I.**  Identify the issue involved.  Check only one.  State additional issues in separate counts.
   - ☐ Basic necessities
   - ☑ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

   1.) ON 7/20/20 I ARRIVED AT CENTRAL UNIT FROM THE HOLE - COMPLEX DETENTION UNIT (C.D.U.) - AT BEACON UNIT FOR A '2A INVESTIGATION'.
   2.) ON 11/24/20 I WAS MOVED FROM CENTRAL UNIT TO S.M.U. I FOR ANOTHER '2A INVESTIGATION' BY SPECIAL SECURITY UNIT (S.S.U.) SERGEANT VASQUEZ AND OFFICER AREIZU.
   3.) ON 1/4/21, AFTER THE ALLOTTED 30 DAY TIMEFRAME FOR AN INVESTIGATION WAS OVER PER DEPARTMENT ORDER POLICY # 803, AND I WAS STILL BEING HELD IN SEGREGATION, I INITIATED THE GRIEVANCE PROCESS BECAUSE EVERY INSTITUTION I GO TO, I'M PLACED IN THE HOLE UNDER THE PRETENSE OF A FICTITIOUS INVESTIGATION DEVIATING FROM DEPARTMENT ORDER POLICY # 803. - 2.1; WHICH STATES:" THE CHIEF OF SECURITY OR DESIGNEE MAY PLACE AN INMATE IN PRE-HEARING DETENTION AT A COMPLEX DETENTION UNIT (CDU) WHEN CHARGED WITH CLASS A,B, OR C VIOLATIONS AND AN INVESTIGATION IS REQUIRED...... INMATES SHALL RECEIVE VERBAL NOTIFICATION OF THE REASONS FOR DETENTION AT THE TIME OF THEIR INITIAL PLACEMENT IMMEDIATELY
   → CONTINUE 3A →

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
   I WAS UNJUSTIFIABLY PLACED IN SEGREGATION WITHOUT HAVING ANY DISCIPLINARY, CONTRIBUTING TO A SET OF CIRCUMSTANCES I HAD NO RE-COURSE FOR

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☑ Yes     ☐ No
   b. Did you submit a request for administrative relief on Count I?     ☑ Yes     ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?     ☑ Yes     ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A

## SUPPORTING FACTS

FOLLOWING THE RULE VIOLATION." (5-ACI-3C-10); CONTRIBUTING TO A CONTINUOUS SET OF CIRCUMSTANCES, RESULTING IN NO DISCIPLINARY VIOLATIONS RELATED TO AN "INVESTIGATION".

4.) ON 1/27/21 C.U.III GABRIELLE SCHNEIDER UNPROCESSED MY INFORMAL COMPLAINT.

5.) ON 2/1/21 I PROCEEDED TO THE FORMAL GRIEVANCE, AND CORRECTIONAL OFFICER IV BACKES UNPROCESSED IT.

6.) ON 4/23/21, CENTRAL OFFICE, C.R. GLYNN, DESIGNEE FOR DIRECTOR DAVID SHINN, RE-OPENED THIS CASE (# 21-026029), BUT UPHELD THE PREVIOUS DECISIONS.

3A

**COUNT II**

1. State the constitutional or other federal civil right that was violated: 8TH AMENDMENT
CRUEL AND UNUSAL PUNISHMENT

2. **Count II.** Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: HAZARDOUS CONDITIONS

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) ON 11/24/20, I ARRIVED AT S.M.U.I FROM CENTRAL UNIT UNDER AN ALLEGED "2A" INVESTIGATION, AND WAS IMMEDIATELY PLACED IN QUARANTINE - THE COMPLEX DETENTION UNIT (C.D.U.) - WHICH IS RESTRICTIVE HOUSING.
   2) UPON MY ARRIVAL, I WAS ISSUED ONE PAIR OF USED BOXERS, ONE USED WASHCLOTH, ONE SOAP, ONE CLEAR GEL FRESHMENT TOOTHPASTE, AND ONE 4 OUNCE BOTTLE OF SHAMPOO TO USE FOR MY DURATION IN QUARANTINE.
   3) I, PLAINTIFF, WAS DENIED MY DAILY MEDICAL SHOWER, AND SHOWERS ON THE REGULAR SCHEDULED SHOWER DAYS, AVERAGING TO ONE SHOWER A WEEK IN QUARANTINE; DENIED ANY MORE SOAP AFTER THE INITIAL INTAKE; DENIED ANY ESSENTIAL PERSONAL HYGIENE ITEMS; REFUSED CHEMICALS/CLEANING SUPPLIES TO CLEAN AND SANITIZE MY LIVING AREA; AND REFUSED FINGER NAIL, TOE NAIL AND HAIR CLIPPERS FOR THE DURATION OF THIS QUARANTINE AND BEYOND, ALL OF WHICH ARE PERMITTED IN C.I.D.U.
   4) THERE WAS NO TRASH PICK UP FOR DAYS, AND THIS AREA WAS MICE AND ROACH INFESTED. → CONTINUED ON 4A →

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   I CONTRACTED COVID-19

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. N/A

4

## SUPPORTING FACTS

5.) CORRECTIONAL OFFICERS NOR NURSES WORE MASKS OR ANY OTHER PROTECTIVE GEAR, NOR WERE ANY OF THE GUIDELINES SET FORTH BY THE CENTER FOR DISEASE CONTROL (C.D.C.) FOLLOWED.

6.) THE CORRECTIONAL OFFICERS DENIED ME ACCESS TO MEDICAL TREATMENT, AND THE LAW LIBRARY, BY REFUSING TO PASS OUT THE NECESSARY PAPERWORK TO REQUEST THESE SERVICES; AND NO SUPERVISORS WOULD COME SPEAK TO ME TO ADDRESS ANY OF THESE ISSUES.

7.) I WAS LEFT IN QUARANTINE, UNDER THESE CONDITIONS, FOR OVER A MONTH, EXCEEDING THE RECOMMENDED C.D.C. GUIDELINE TIMEFRAME, MIXING WITH NEW ARRIVALS.

8.) I WAS ABLE TO GET THE PHONE, AND DUE TO NOT HAVING ACCESS TO ANY PAPERWORK, NOR ANY SUPERVISORS TO ADDRESS THESE ISSUES, I CALLED THE RETALIATION LINE #4 AND LEFT TWO MESSAGES. (REFERENCE #'s 403159201 AND 404019716)

9.) ON 12/14/20, I INITIATED THE GRIEVANCE PROCESS.

10.) ON 12/18/20, I TESTED POSITIVE FOR COVID-19.

11.) PER A.D.C.'s DEPARTMENT ORDER POLICY # 802, I FILED AN INFORMAL COMPLAINT TO CORRECTIONAL OFFICER III J. GONZALES, WHO WAS THE ADMINISTRATIVE SUPERVISOR OVER THE QUARANTINE AREA, AND I RECEIVED THE AUTOMATED RESPONSE, BUT THE CONDITIONS REMAINED THE SAME.

12.) PER DEPARTMENT ORDER POLICY # 802, I PROCEEDED TO THE GRIEVANCE ON 1/14/21 AND RECEIVED THE SAME RESPONSE, CONTAINING FALSE INFORMATION, FROM DEPUTY WARDEN LORI STICKEY, DATED 2/4/21, WHO CONDUCTED WEEKLY MEETINGS WITH NURSE PRACTITIONER ANGEL MERRIMAN, SPECIFICALLY DEALING WITH THE QUARANTINE AREAS, BUT CONDITIONS REMAINED THE SAME IN THE QUARANTINES AND THROUGHOUT THE PRISON(S.M.U.1) AS A WHOLE.

13.) NURSE PRACTITIONER ANGEL MERRIMAN WAS THE MEDICAL SUPERVISOR FOR THE QUARANTINE AREA AND FAILED TO PROPERLY MONITOR AND ASSESS SYMPTOMS, TIME SPENT IN QUARANTINE PER C.D.C. GUIDELINES, AND THE ADHERENCE TO THE GUIDELINES BY HERSELF AND OTHER MEDICAL STAFF.

14.) ON FEBRUARY 11, 2021, I FILED A GRIEVANCE APPEAL AND RECEIVED THE RESPONSE ON 3/16/21, BUT WAS DATED 3/4/21, FROM C.R. GLYNN, DESIGNEE FOR DIRECTOR DAVID SHINN, AND THE RESPONSE WAS THE SAME AUTOMATED RESPONSE AS THE FIRST TWO, WITH NO SUBSTANTIVE INVESTIGATION OF THE ON-GOING CONDITIONS, AND COMPLETE OBLIVIOUSNESS TO MY HOUSING LOCATION AND MY CUSTODY LEVEL.

4A

## COUNT III

1. State the constitutional or other federal civil right that was violated: _14th AMENDMENT/_
_EQUAL PROTECTION OF THE LAW_

2. **Count III.** Identify the issue involved. **Check only one.** State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☒ Other: _CLASSIFICATION_
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1.) ON 2/2/21, WHILE IN DETENTION (C.D.U.), I WAS GIVEN A CLASSIFICATION HEARING BY CORRECTIONAL OFFICER III GUTIERREZ WITH THE RECOMMENDATION OF REMAINING IN SEGREGATION MAXIMUM CUSTODY.
   2.) DURING THIS "HEARING" I INFORMED C.O.III GUTIERREZ THAT MY CLASSIFICATION POINTS WERE INCORRECT AND THAT THE DISCIPLINARY VIOLATIONS THAT WERE ~~DISMISS~~ DISMISSED WERE BEING USED TO BOOST MY SCORE TO KEEP ME IN MAXIMUM CUSTODY IN RETALIATION FOR NOT HAVING ANYWHERE TO HOUSE ME. C.O.III GUTIERREZ TOLD ME HE'D NOTIFY HIS SUPERVISOR C.O.IV C. DANIELS (CURRENT A.D.W. AT RYNNING UNIT) WHO WAS OVERSEEING THIS CLASSIFICATION. ~~C. DANIELS~~
   3.) I INFORMED DEPUTY WARDEN LORI STIX VIEW AND C.O.IV ~~C. DANIELS~~ **C. DANIELS** OF THIS ISSUE THROUGH MY WRITTEN STATEMENT FOR THE HEARING BUT NOBODY TOOK ANY ACTION.
   4.) ON 2/5/21 DEPUTY WARDEN LORI STIX VIEW APPROVED THIS CLASSIFICATION
   5.) ON 2/25/21 I SUBMITTED AN APPEAL OF THE MAXIMUM CUSTODY PLACEMENT TO OFFENDER SERVICES BUREAU ADMINISTRATOR STACEY CRABTREE

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _____
   _____
   _____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count III?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _N/A_
   _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## SUPPORTING FACTS

EMPHASIZES THESE ISSUES.

6.) ON 3/17/21, O.S.B. STACEY CRABTREE UPHELD THE PLACEMENT OF MAXIMUM CUSTODY AND DENIED MY APPEAL ON THE VERY BASIS OF THE ISSUES I RAISED ABOUT MY DISCIPLINARY HISTORY.

7.) ON 5/16/21, I INITIATED THE GRIEVANCE PROCESS FOR THE MISCONDUCT OF STAFF FOR DISCRIMINATION PER DEPARTMENT ORDER# 704.14 DISCRIMINATORY ACTS.

8.) ON 6/14/21, CORRECTIONAL OFFICER IV BACKES UNPROCESSED MY GRIEVANCE.

9.) ON 7/2/21, I WAS MOVED TO S.M.U.2/BROWNING UNIT

10.) ON 7/8/21, I WAS MOVED BACK TO S.M.U.1

1.) STATE THE CONSTITUTIONAL OR OTHER FEDERAL CIVIL RIGHT THAT WAS VIOLATED: 14TH AMENDMENT/EQUAL PROTECTION OF THE LAW

2.) COUNT: PROPERTY

## 3.) SUPPORTING FACTS

1.) ON 7/2/21, I WAS SENT FROM S.M.U.1 TO S.M.U.2/BROWNING UNIT. I RETURNED TO S.M.U.1 ON 7/8/21.

2.) ON 8/2/21, I WAS MOVED FROM S.M.U.1 TO CENTRAL UNIT. ON 8/2/21, AFTER BEING AT CENTRAL UNIT FOR AN HOUR I WAS PLACED BACK IN THE HOLE — COMPLEX DETENTION UNIT (C.D.U.) — AT S.M.U.1 UNDER AN ALLEGED '2A INVESTIGATION' BY SPECIAL SECURITY UNIT SGT. VASQUEZ AND OFFICER ARRIZU.

3.) ON 8/10/21, I WAS INFORMED BY PROPERTY OFFICERS THIBEAUX, LANGAN, AND SGT. HARRIS THAT MY PROPERTY WAS 'LOST, AND THEY VERIFIED WHAT WAS MISSING I.E.', MY AFFADAVITS/DECLARATIONS WITH ACCOMPANYING PAPERWORK FROM WITNESSES FOR THIS COMPLAINT, ALL OF MY DEPARTMENT ORDERS/OPERATING PROCEDURES ALLOWED, THAT I PAID FOR, OTHER LEGAL PAPERWORK FOR MY ORIGINAL CRIMINAL CASE AND RECEIPTS, 2 PAIR OF NIKES, 1 FAN, 6 C.D.'S, 1 LAMP, 2 PAIR OF SWEAT PANTS, 1 SWEAT SHIRT, 7 PAIR OF BOXERS, 7 WASHCLOTHS, 7 PAIRS OF SOCKS, 1 ORANGE LONG SLEEVE SHIRT, 1 SHORT SLEEVE SHIRT, 1 PANTS, 1 SWEAT SHORTS, 30 SHAMPOO, 11 SOAPS, ETC.,

4.) ON 8/18/21, I INITIATED THE GRIEVANCE PROCESS PER DEPARTMENT ORDER# 802 AND 909, INMATE PROPERTY, SUBMITTING AN INFORMAL COMPLAINT TO CORRECTIONAL OFFICER III GABRIELLE SCHNEIDER.

5.) WHILE MAKING HER ROUNDS IN THE POD, C.O. III GABRIELLE SCHNEIDER TOLD ME, ON TWO SEPERATE OCCASIONS, THAT SHE WAS WORKING ON MY INFORMAL COMPLAINT AND THAT SHE SPOKE WITH PROPERTY OFFICER THIBEAUX AND VERIFIED THE MISSING PROPERTY, BUT I NEVER RECEIVED A RESPONDE TO MY COMPLAINT.

6.) ON 9/17/21 I FILED A GRIEVANCE TO CORRECTIONAL OFFICER IV BACKES, GRIEVANCE COORDINATOR.

7.) ON 9/30/21 MY GRIEVANCE WAS UNPROCESSED FOR NOT SUBMITTING AN INFORMAL COMPLAINT, EVEN AFTER I INFORMED C.O.IV BACKES THAT I ONLY HAD MY ONE COPY OF THE INFORMAL COMPLAINT.

8.) ON 10/1/21 I SUBMITTED AN INMATE LETTER ON THE TABLET (REF# CCI-A2A34000083726) FOLLOWING UP ABOUT MY COMPLAINT AND ASKING FOR THE CASE NUMBER, BUT IT WAS IGNORED AND CLOSED OUT.

9.) ON 10/1/21 I FILED ANOTHER GRIEVANCE

10.) ON 11/6/21 MY FAMILY SPOKE WITH A.D.W. ALIAS ABOUT THE ISSUE

→ CONTINUED ON 5B-1 →

## SUPPORTING FACTS

11.) ON 11/9/21 MY FAMILY SPOKE WITH C.O III BACKES AND HE INFORMED THEM THAT I, PLAINTIFF, "DID FILL OUT ALL THE PAPERWORK NEEDED", BUT THAT HE WAS GOING ON LEAVE AND HE WAS GOING TO COME TALK TO ME ABOUT IT.

12.) ON 11/10/21 I WAS MOVED TO RYNNING UNIT

13.) ON 11/17/21 I INITIATED THE GRIEVANCE PROCESS FOR A LACK OF RESPONSE TO MY INITIAL GRIEVANCE ABOUT MY PROPERTY, SUBMITTING AN INFORMAL COMPLAINT TO C.O III DUANE RIVER.

14.) ON 12/7/21 C.O III DUANE RIVER UNPROCESSED MY INFORMAL COMPLAINT BUT RETRIEVED ALL OF MY RECEIPTS, INVENTORY SHEETS, AND OTHER ESSENTIAL PAPERWORK TO MY COMPLAINT FROM C.O IV SUTTON AT S.M.U.1.

15.) ON 12/7/21 PER DEPARTMENT ORDER 802, I PRECEEDED TO THE GRIEVANCE. C.O IV VICTORIA UNPROCESSED IT. ON 12/16/21 I SUBMITTED ANOTHER GRIEVANCE CLARIFYING THAT HIS RESPONSE TO MY GRIEVANCE WAS TO ANOTHER, DIFFERENT GRIEVANCE. THAT WAS UNPROCESSED.

16.) ON 12/21/21 I FILED A GRIEVANCE APPEAL TO DIRECTOR DAVID SHINN, BUT IT WAS UNPROCESSED BY C.O IV VICTORIA AT RYNNING UNIT.

4.) INJURY. STATE HOW YOU WERE INJURED BY THE ACTIONS OR INACTIONS OF THE DEFENDANT(S). MY DUE PROCESS WAS VIOLATED AND ALL MY PROPERTY WAS LOST.

5.) ADMINISTRATIVE REMEDIES:

A.) ARE THERE ANY ADMINISTRATIVE REMEDIES AVAILABLE AT YOUR INSTITUTION? YES

B.) DID YOU SUBMIT A REQUEST FOR ADMINISTRATIVE RELIEF ON COUNT IV? YES

C.) DID YOU APPEAL YOUR REQUEST FOR RELIEF ON COUNT IV TO THE HIGHEST LEVEL? YES

D.) N/A

...TE THE CONSTITUTIONAL OR OTHER FEDERAL CIVIL RIGHT
...HAT WAS VIOLATED: 14TH AMENDMENT/EQUAL PROTECTION OF
THE LAW.

2.) COUNT : PROPERTY

## 3.) SUPPORTING FACTS

1.) I ARRIVED AT RYNNING UNIT ON 11/10/21 AND WAS IMMEDIATELY
PLACED IN THE HOLE, COMPLEX DETENTION UNIT (C.D.U.) - RESTRICTIVE,
PUNITIVE HOUSING.

2.) I INITIATED THE GRIEVANCE PROCEDURE ON 12/15/21.

3.) ON 1/13/22, DEPUTY WARDEN WENDY ECCLES, ASSOCIATE DEPUTY
WARDEN C. DANIELS, AND CORRECTIONAL OFFICER IV SIWA CAME TO SPEAK
WITH ME AND HAD ME SIGN A CONTACT TO GET OUT OF THE HOLE, STIPULATION (
"NO POLITICAL ACTIVITY AND/OR CREATE RACIAL TENSION ON THE YARD".
I WAS RELEASED TO THE YARD, GENERAL POPULATION, THAT NIGHT.

4.) ON 1/20/22, AN ALLEGED INCIDENT OCCURRED, WHILE I WAS IN THE
DINING HALL AT BREAKFAST, AND I WAS PLACED BACK IN THE HOLE BY
SPECIAL SECURITY UNIT OFFICER (S.S.U.) BANGHART, WHO ONLY REPORTS TO
DEPUTY WARDEN WENDY ECCLES. DURING THAT TIME A CORRECTIONAL OFFICER
WITHESSED A WHITE INMATE (MY CELLMATE) DESTROYING AND THROWING MY
PROPERTY AT THE CORRECTIONAL OFFICER'S CONTROL ROOM WINDOWS (I.E. TV, C.D.S,
C.D. PLAYER, FAN, BOOKS, LEGAL PAPERWORK, ETC.), THREATENING THE CORRECTIONAL
OFFICERS, AT WHICH TIME AN I.C.S. (INITIATED COMMAND SYSTEM) WAS ACTIVATED

5.) THIS INMATE WAS INSTITUTIONALLY CHARGED WITH A 10 B VIOLATION -
DISORDERLY CONDUCT - AND MOVED TO ANOTHER GENERAL POPULATION BUILDING.

6.) CORRECTIONAL OFFICER III CONDREY, THE DISCIPLINARY COORDINATOR,
DEVIATED FROM A.D.C. POLICY, DEPARTMENT ORDER # 803-5.3.1. "THE
DISCIPLINARY COORDINATOR SHALL REVIEW THE INMATE DISCIPLINARY REPORT
FORM AND ENSURE ALL CHARGES HAVE BEEN THOROUGHLY INVESTIGATED";
DEPARTMENT ORDER # 803 - 5.3.3" CONSIDER THE APPROPRIATENESS OF THE CHARGE
CONSISTENT WITH ALL INFORMATION IN THE INMATE DISCIPLINARY REPORT FORM
OR RETURN IT TO THE APPROPRIATE SUPERVISOR FOR ACTION"; D.O. 803-3.2 "AN
INMATE DISCIPLINARY REPORT FORM SHALL CONTAIN ONLY ONE VIOLATION PER
INCIDENT WITH A FULL EXPLANATION OF SUPPORTING FACTS. THE VIOLATION
CHARGED SHALL BE THE ONE WITH THE HIGHEST SEVERITY", WHICH A 9B
CRIMINAL DAMAGE - DESTROYING, DAMAGING, DEFACING, TAMPERING, OR
ALTERING PROPERTY OF ANOTHER ....." - SHOULD'VE BEEN ISSUED INSTEAD OF, OR
WITH, THE 10B VIOLATION, AND PER D.O.# 803-8.1" THE DEPARTMENT MAY ASSESS
COSTS FOR DAMAGE TO PROPERTY, THEFT, AND ANY OTHER COST RELATED TO A
VIOLATION OF DEPARTMENT ORDER, INVESTIGATION, OR DISCIPLINARY VIOLATION.

...OUNTS ASSESSED SHOULD BE CA... ...ER ANY LOSS
BY ANY PERSON, INSTITUTION, OR BY THE DEPARTMENT", EVEN
...FORMING ME THAT I WOULD "GET SATISFACTION" FOR MY PROPERTY

...NITIATED THE GRIEVANCE PROCESS ON 1/22/22, BECAUSE AT THAT TIME
...ONT KNOW WHAT HAPPENED TO MY PROPERTY, ONLY THAT IT WAS MISSING.
...CORRECTIONAL OFFICER III DUANE RIVER INFORMED ME THAT HE DENIED
MY INFORMAL COMPLAINT BUT PER SPECIAL SECURITY UNIT OFFICER BANGHART,
A CORRECTIONAL OFFICER III VICTORIA WAS WORKING ON REPLACING MY PROPERTY.
9.) I FILED A FORMAL GRIEVANCE

10.) DEPUTY WARDEN WENDY ECCLES DENIED MY GRIEVANCE ON 3/1/22 AFTER
INFORMING HER OF THE DEVIATION IN POLICY D.O.# 803 AND DEPARTMENT ORDER #
909-7.6.8 "IN INMATE DISCIPLINARY MATTERS, PRESERVE THE ITEM(S) AS EVIDENCE
UNTIL THE DISCIPLINARY HEARING IS COMPLETED"; D.O.# 909-7.6.8.1.1 "AFTER THE
DISCIPLINARY HEARING OFFICER HAS ANNOUNCED THE FINDINGS, THE ITEMS SHALL BE
RETURNED TO THE INMATE WHO OWNS THEM"; D.O. 909-7.4.1 "WHEN THE RIGHTFUL OWNER
IS KNOWN, PROPERTY SHALL BE RETURNED TO THE RIGHTFUL OWNER AFTER ALL
ADMINISTRATIVE/DISCIPLINARY ACTIONS ARE FINALIZED"; AND D.O.# 909-6.2 DISPOSAL
OF PROPERTY BY INMATES - AS I WASN'T GIVEN THE OPPORTUNITY TO DISPOSE OF OR SEND
ANY OF MY PROPERTY OUT TO GET FIXED AT MY COST.
11.) I FILED A GRIEVANCE APPEAL ON 3/10/22 INFORMING THE DIRECTOR OF ALL THIS.
12.) ON 4/12/22, MY GRIEVANCE APPEAL WAS DENIED BY DIRECTOR DAVID SHINN'S
DESIGNEE DAVID T. AUBAND.

4.) INJURY. STATE HOW YOU WERE INJURED BY THE ACTIONS
OR INACTIONS OF THE DEFENDANT(S).
MY PROPERTY WAS DESTROYED AND LOST

5.) ADMINISTRATIVE REMEDIES
A.) ARE THERE ADMINISTRATIVE REMEDIES AVAILABLE AT
YOUR INSTITUTION? YES
B.) DID YOU SUBMIT A REQUEST FOR ADMINISTRATIVE RELIEF
ON COUNT I? YES
C.) DID YOU APPEAL YOUR REQUEST FOR RELIEF ON COUNT
TO THE HIGHEST LEVEL? YES
D.) N/A

5C-1

.TE THE CONSTITUTIONAL OR OTHER FEDERAL CIVIL RIGHT
AT WAS VIOLATED: 14TH AMENDMENT/EQUAL PROTECTIONAL OF THE
AW, DUE PROCESS

2.) COUNT : CLASSIFICATION

## 3.) SUPPORTING FACTS

1.) ON 3/4/22, I WAS GIVEN A CLASSIFICATION HEARING BY
CORRECTIONAL OFFICER III DUANE RIVER WITH THE RECOMMENDATION OF
REMAINING IN SEGREGATION, MAXIMUM CUSTODY.

2.) DURING THIS "HEARING", I INFORMED CORRECTIONAL OFFICE III DUANE
RIVER THAT MY CLASSIFICATION POINTS AND THE CRITERIA BEING USED
DISCIPLINARY VIOLATIONS THAT EXCEEDED THE 3 YEAR TIME PERIOD AS
OUTLINED IN ARIZONA DEPARTMENT OF CORRECTIONS DEPARTMENT ORDER # 801 AND
801-TM- OPS AND THE BEHAVIORAL CRITERIA CATEGORIES CONSISTING OF "INMATE
HAS DEMONSTRATED PHYSICAL OR SEXUALLY ASSAULTIVE BEHAVIORAL CATEGORIES
RESULTING IN EITHER SERIOUS PHYSICAL INJURY OR DEATH TO ANY PERSON, OR IN
AN ATTEMPT TO SEXUALLY ASSAULT ANY PERSON, OR TO CAUSE SERIOUS PHYSICAL
INJURY OR DEATH TO ANY PERSON, OR IF THE INMATE HAS CONSPIRED IN THE
PLANNING ANY OF THE MENTIONED. SUCH DEMONSTRATED ASSAULTIVE BEHAVIOR
MAY OR MAY NOT INVOLVE THE USE OF A WEAPON", WAS INCORRECT AND BEING
USED BIASEDLY TO BOOST MY CLASSIFICATION.

3.) I INFORMED DEPUTY WARDEN WENDY ECCLES AND CORRECTIONAL OFFICER IV
RAMON SILVA, WHO OVERSAW THE COMPLETION OF THIS CLASSIFICATION, OF THIS
ISSUE THROUGH MY WRITTEN STATEMENT FOR THE HEARING.

4.) ON 3/7/22, DEPUTY WARDEN WENDY ECCLES APPROVED THIS CLASSIFICATION,
AND IT WAS SIGNED OFF ON BY DEPUTY WARDEN WENDY ECCLES'S
CORRECTIONAL OFFICER IV RAMON SILVA.

5.) ON 3/15/22 AT RYNNING UNIT, I SUBMITTED AN APPEAL OF THE MAXIMUM
CUSTODY PLACEMENT, SIGNED BY CORRECTIONAL OFFICER III DUANE RIVER AS
RECEIVING IT.

6.) ON THE NIGHT OF 3/15/22, I WAS MOVED TO S.M.U.2/BROWNING UNIT,
7.) ON 3/22/22 I WAS MOVED TO S.M.U.1
8.) AT 2:50 P.M. ON 6/16/22, I WAS INFORMED BY CORRECTIONAL OFFICE III
KAMINSKY, AT S.M.U.1, THAT THERE WAS NO INDICATION IN THE COMPUTER
SYSTEM OF MY CLASSIFICATION APPEAL BEING TURNED IN NOR A
RESPONSE. AFTER A SECOND APPEAL BEING TURNED IN NOR A
ON 6/17/22 AT 8:30 A.M., KAMINSKY INFORMED ME OF THE SAME

5 D

4.) INJURY. STATE HOW YOU WERE INJURED BY THE ACTIONS OR INACTIONS OF THE DEFENDANT(S). AS A RETALIATORY MEASURE MY DUE PROCESS WAS DISCRIMINATELY AND INTENTIONALLY DISREGARDED IN ORDER TO KEEP ME IN SEGREGATION FOR 11 MONTHS TO DATE. I WASN'T AFFORDED THE SAME OPPORTUNITIES AND PRIVILEGES OR RIGHTS AS OTHER PRISONERS.

5.) ADMINISTRATIVE REMEDIES

A) ARE THERE ADMINISTRATIVE REMEDIES AVAILABLE AT YOUR INSTITUTION? YES

B) DID YOU SUBMIT A REQUEST FOR ADMINISTRATIVE RELIEF ON COUNT III? YES

C.) DID YOU APPEAL YOUR REQUEST FOR RELIEF ON COUNT ___ TO THE HIGHEST LEVEL?

D.) N/A

5D - 1

## E.   REQUEST FOR RELIEF

State the relief you are seeking: I REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF:
A.) ISSUE A DECLARATORY JUDGEMENT STATING THAT:
1.) DEFENDANTS VASQUEZ AND AREIZY BY THERE ACTIONS,
CONTINUOUSLY PLACING ME IN THE HOLE - C.D.U.- WITHOUT NOTIFICATION OF
WHY, PENDING DISCIPLINARY, OR JUST CAUSE VIOLATED MY PLAINTIFFS,
RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE
U.S. CONSTITUTION.
2.) DEFENDANTS LORI STICKLEY, ANGEL MERRIMAN, AND                .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  2/24/23
_____
                DATE

JAJA AMRET ASKARI
_____
SIGNATURE OF PLAINTIFF

N/A
_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

N/A
_____
(Signature of attorney, if any)

N/A
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may
attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.
If you attach additional pages, be sure to identify which section of the complaint is being continued and number
all pages.

# REQUEST FOR RELIEF

JASON GONZALES BY THEIR INTENTIONAL INACTION TO THE CONDITIONS OF THE QUARANTINE, AND DEFENDANT C.R. GWYN'S, DIRECTOR DAVID SHINN'S DESIGNEE, SUSTAINING IT, VIOLATED MY, PLAINTIFFS, RIGHTS UNDER THE 8TH AMENDMENT OF THE U.S. CONSTITUTION.

3.) DEFENDANTS GUTIERREZ, C. DANIELS, AND WRI STICKLEY THROUGH THEIR ACTIONS OF INTENTIONALLY, AFTER BEING MADE AWARE, FABRICATED THE INFORMATION USED FOR MY, PLAINTIFFS, CLASSIFICATION, AND STACY CRABTREE, AFTER BEING INFORMED OF IT, SUSTAINING IT, VIOLATED MY, PLAINTIFF RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.

4.) DEFENDANTS GABRIELLE SCHNEIDER AND BACKES - THROUGH THEIR ACTIONS OF DELIBERATELY NOT PROCESSING MY GRIEVANCES AND COMPLAINTS, DISREGARDING DEPARTMENT POLICY, AND DEFENDANTS DUANE RIKER AND VICTORIA SUSTAINING IT, VIOLATED MY, PLAINTIFFS, RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION.

5.) DEFENDANTS CONDE'S ACTIONS BY DISCRIMINATELY AND INTENTIONALLY DEVIATING FROM DEPARTMENT POLICY BY NOT ASSESSING RESTITUTION FOR THE DESTRUCTION OF MY PROPERTY, AND DEFENDANTS WENDY ECCLES, DUANE RIKER, AND DAVID T. HUBAND - DIRECTOR DAVID SHINN'S DESIGNEE - SUSTAINING IT, FURTHERING THIS DISCRIMINATION, VIOLATED MY, PLAINTIFFS, 14TH AMENDMENT RIGHT TO EQUAL PROTECTION UNDER THE U.S. CONSTITUTION.

6.) DEFENDANT DUANE RIKER'S ACTIONS OF INTENTIONALLY, AND AFTER BEING INFORMED, DISCRIMINATELY FABRICATED THE INFORMATION USED FOR MY, PLAINTIFFS, CLASSIFICATION AND BY NOT SUBMITTING MY CLASSIFICATION APPEAL TO CENTRAL OFFICE, AND DEFENDANTS WENDY ECCLES' AND RAMON SILVA'S ACTIONS BY SIGNING OFF ON AND SUSTAINING IT AFTER BEING MADE AWARE OF THE FALSE INFORMATION, VIOLATED MY, PLAINTIFFS, RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT OF THE U.S. CONSTITUTION.

B.) ISSUE AN INJUNCTION ORDERING DEFENDANTS TO AMEND DEPARTMENT ORDERS# 801-CLASSIFICATION; #802-GRIEVANCE PROCEDURE; AND #803-DISCIPLINARY PROCEDURE.

C.) AWARD COMPENSATORY DAMAGES JOINTLY AND SEVERALLY AGAINST:

1.) DEFENDANTS JASON GONZALES, WRI STICKLEY, ANGEL MERRIMAN, C.R. GWYNN, AND DAVID SHINN FOR THE PHYSICAL AND EMOTIONAL INJURY RESULTING FROM THEIR INDIFFERENCE TO THE CONDITIONS OF THE QUARANTINE, AND ME, PLAINTIFF, CONSEQUENTLY CONTRACTING COVID-19.

6A

2.) DEFENDANTS VASQUEZ AND ARRIZU FOR THE PUNISHMENT, INCLUDING DEPRIVATION OF LIBERTY AND AMENITY, RESULTING FROM THEIR DENIAL OF MY PLAINTIFF'S, DUE PROCESS IN CONNECTION WITH THE FICTITIOUS INVESTIGATIONS.

3.) DEFENDANTS (GUTIERREZ, C. DANIELS, LORI STICKLEY, AND STACEY CRABTREE FOR THE PUNISHMENT, INCLUDING DEPRIVATION OF LIBERTY AND AMENITY, RESULTING FROM THEIR DENIAL OF MY DUE PROCESS IN CONNECTION TO MY, PLAINTIFF'S, CLASSIFICATION.

4.) DEFENDANTS GABRIELLE SCHNEIDER AND BACKES FOR THE DEPRIVATION OF MY, PLAINTIFF'S, PROPERTY RESULTING FROM THEIR DENIAL OF MY DUE PROCESS IN CONNECTION WITH MY PROPERTY COMPLAINTS, AND DEFENDANTS DUANE RIKER AND VICTORIA FOR SUSTAINING IT.

5.) DEFENDANTS CONDREY, DUANE RIKER, WENDY ECCLES, DAVID T. HUBAND, DAVID SHINN FOR THE DEPRIVATION OF MY PLAINTIFF'S, PROPERTY RESULTING FROM THEIR DENIAL TO EQUAL PROTECTION OF THE LAW IN CONNECTION TO THE DESTRUCTION, BY ANOTHER INMATE, OF MY, PLAINTIFF'S, PROPERTY.

6.) DEFENDANTS DUANE RIKER, RAMON SILVA, AND WENDY ECCLES FOR THE PUNISHMENT, INCLUDING DEPRIVATION OF LIBERTY AND AMENITY, RESULTING FROM THEIR DENIAL OF MY DUE PROCESS IN CONNECTION WITH MY, PLAINTIFF'S, CLASSIFICATION

D.) AWARD PUNITIVE DAMAGES AGAINST:

1.) EACH DEFENDANT JASON GONZALES, LORI STICKLEY, ANGEL MERRIMAN, C.R. GUYN, AND DAVID SHINN

2.) EACH DEFENDANT VASQUEZ AND ARRIZU

3.) EACH DEFENDANT GUTIERREZ, C. DANIELS, LORI STICKLEY, AND STACEY CRABTREE.

4.) EACH DEFENDANT GABRIELLE SCHNEIDER, BACKES, DUANE RIKER, AND VICTORIA.

5.) EACH DEFENDANT CONDREY, DUANE RIKER, WENDY ECCLES, DAVID T. HUBAND, DAVID SHINN

6.) EACH DEFENDANT DUANE RIKER, RAMON SILVA, AND WENDY ECCLES.

E.) GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLE.

6A-1